## Bidwell et al., Appellants, *v.* Evans et al.

*Practice, Supreme Court—Assignments of error—Evidence.*

An assignment of error to the admission of evidence must set forth the evidence admitted under the exception.

*Ejectment—Adverse possession—Evidence—Lease.*

In an action of ejectment defendant claimed title by adverse possession for over twenty-one years by Kemp, his predecessor. Plaintiff offered in evidence a lease to Kemp from Stewart, plaintiff's predecessor in title and patentee from the commonwealth. Defendant introduced evidence tending to show that when the lease was given Kemp was in possession of the land and executed the lease not for the purpose of creating the relation of landlord and tenant with Stewart, but to prevent Kemp's creditors from taking the land in execution. The whole case was submitted to the jury, and a verdict was rendered for defendant. *Held*, that a judgment on the verdict should be affirmed.

Argued May 8, 1893. Appeal, No. 223, Jan. T., 1883, by plaintiffs, Dewitt C. Bidwell et al., from judgment of C. P. Fayette Co., Sept. T., 1878, No. 99, on verdict for Susan Evans, et al. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment for 346 acres of land in Stewart township.

At the trial, before EWING J., it appeared that plaintiffs claimed title from Andrew Stewart who took out a patent for the land in 1836. Stewart also had a deed from the grantee of the original warrantee of the land, the date of the warrant

being Feb. 4, 1794.  Defendants claimed title from John Kemp who had settled on the land in 1825, and continued in possession of it until his death in 1867.  After Kemp's death, the defendants, his heirs, continued in possession.  Plaintiffs offered in evidence a lease from Stewart to Kemp executed in 1840.  Defendants produced a witness who testified that the lease was given by Kemp not as a recognition of Stewart's title, but for the purpose of protecting Kemp from his creditors.

Defendant offered to show by Jacob Linderman that Kemp erected certain buildings after 1840.  Objected to, objection overruled and exception. [1]

Defendant offered to show declarations of James Kemp while living on the land, as to how he held and claimed it.  Objected to, objection overruled and exception. [2]

The court charged in part as follows:

" [The plaintiffs seek here to recover possession of a tract of three hundred forty-six acres of land situate in Stewart township in this county.  They have given in evidence here a title beginning with a patent from the commonwealth, issued to Andrew Stewart in 1836,] [3] and by various conveyances and devises vesting the interest of Stewart, under that patent, in the plaintiffs of record in this case.  If that were all there was in this case, the plaintiffs would be unquestionably entitled to your verdict."

Plaintiffs' points were among others as follows:

" 4.  That the deed of Andrew Stewart to James R. Hendrickson, Mark Sterling, William B. Curry and William Larimer, Jr., for the John Reed tract, the land in dispute, dated Dec. 15, 1854, passed a perfect title to the said land unless the said grantees had actual notice of the fraud alleged by the defendant in connection with the lease of January 25, 1840, before the purchase by them of the said land."  Refused. [4]

" 5.  That subsequent bona fide purchasers of said land, without actual notice of said alleged fraud acquired perfect titles and would be entitled to recover."  Refused. [5]

" 6.  That there could be no fraud in the lease of January 25, 1840, because Stewart had the legal title, by virtue of his patent for the land in question, while Kemp at that time had no other right than that acquired by squatting on the land for fourteen years."  Refused. [6]

" 7.  That if the jury believe from the evidence that James

Kemp delivered to James Morrison, a school director of Saltlick township, the deed from Andrew Stewart dated            , 1847, for a part of the premises in dispute and permitted the said school directors to erect upon said land, erect and occupy a school house under the grant contained in said deed, such acts are inconsistent with his claim of ownership and strongly support the claim of plaintiffs that Kemp was then only a tenant of Stewart's. *Answer :* If the jury find the facts to be as stated in this point, such facts are evidence against Kemp's claim of ownership, and corroboration of the claim of the plaintiffs that Kemp was then a tenant of Stewart's." [7]

" 8. That the patent to Stewart was evidence of title which it was necessary for the defendant to rebut, since the James Kemp, under whom defendant claims, was a mere intruder, and the plaintiffs are entitled to recover." Refused. [8]

Defendant's points were among others as follows :

" 2. That if they believe from the evidence that the lease from Stewart to Kemp was made while Kemp was in possession claiming the land as his own, not for the purpose of creating the relation of landlord and tenant between Stewart and Kemp, but under pretence on the part of Stewart that it was for the protection of Kemp and under promise that Stewart would perfect Kemp's title by conveying to him any right Stewart might have, it would not stop the running of the statute of limitations ; and if the jury find the facts to be as herein stated, and that Kemp and those claiming under him were in exclusive and continuous possession of the land in dispute more than twenty-one years before the commencment of this action, claiming it as their own, plaintiffs cannot recover." Affirmed. [9]

" 3. That if Kemp was on the land in dispute at the time of the sale by Stewart to Larimer and others and of the subsequent sales, it was notice to the purchasers of any title he might have ; it was the duty of the purchasers to inquire of him how he held, and they failing to do so he and his heirs can set up against them any title he might have asserted against Stewart." Affirmed. [10]

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1, 2) rulings on evidence ; (3–10) instructions ; quoting instructions and bills of exceptions but not evidence.

*R. E. Umbel* of *Boyd & Umbel*, for appellants, cited: Evans
v. Bidwell, 76 Pa. 497; Hockenbury v. Snyder, 2 W. & S.
249.

*S. L. Mestrezat*, for appellee, filed no paper-book.

PER CURIAM, June 7, 1893:

The first and second specifications may be dismissed with
the remark that they are not according to rule: Huckestein v.
Kelly & Jones Co., 139 Pa. 201.

When correctly read in connection with its context there is
no error in the excerpt from the learned judge's charge, recited
in the third specification.

There was no error in refusing plaintiff's points for charge
recited in the fourth, fifth, sixth and eight specifications res-
pectively, nor in the learned judge's answer to their point re-
cited in the seventh specification.

The defendants' points for charge recited in the ninth and
tenth specifications, respectively, were rightly affirmed, and the
questions of fact involved therein properly submitted to the
jury. Both of these controlling propositions were fully war-
ranted by the testimony, and the jury having found the facts
to be as therein stated, could not do otherwise than render a
verdict in favor of the defendants. They must have found
from the evidence that the lease from Stewart to Kemp was
made while the latter was in possession of the land claiming
the same as his own, not for the purpose of creating the relation
of landlord and tenant between Stewart and Kemp, but under
pretence on the part of Stewart that it was for the protection
of Kemp, and under promise that Stewart would perfect Kemp's
title by conveying to him any title that Stewart might have;
and further, that Kemp and those claiming under him were in
exclusive and continuous possession of the land in dispute,
claiming it as their own, for more than twenty-one years prior
to the commencement of this action.

The case was well tried, and we find nothing in the record
that would justify a reversal of the judgment.

Judgment affirmed.