## LOUIS TISCH v. JOHN UTZ ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 14, 1891—Decided May 4, 1891.

[To be reported.]

1. When personal property has been attached by proceedings under § 27, act of July 12, 1842, P. L. 346, and is afterwards levied on and sold by the sheriff, under an execution against the same debtor at the suit of another creditor, the effect of the sale is to transfer the lien of the attachment from the property to the fund.

2. In such a case, if the execution creditor becomes the purchaser at the sheriff's sale, he takes a title which the attaching creditors cannot impeach by afterwards levying on the same goods as the property of their debtor, provided the judgment under which the sale took place was bona fide and for an honest debt.

3. In a feigned issue under the sheriff's interpleader act, the plaintiff claimed title by a sheriff's sale under a judgment in his own favor; it

Statement of Facts.

was error to admit, and submit to the jury as evidence of fraud, a bill of sale of the property unaccompanied by possession, given by the debtor prior to the sheriff's sale as security for the judgment.

4. Such a bill of sale the law declares a fraud upon creditors when there is no corresponding change of possession, but it is a constructive fraud only, and is not of itself evidence of actual fraud; wherefore, the only question being as to the bona fides of the judgment, the continued possession by the debtor was, of itself, irrelevant to the issue.

5. A defendant in a judgment cannot destroy it by his mere declarations; and his statements, made to third persons in the absence of the plaintiff, are inadmissible to show that the judgment was fraudulent, when the plaintiff has not been shown otherwise to be a party to a fraudulent combination with the defendant: Unangst v. Goodyear Co., 141 Pa. 127.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 52 January Term 1891, Sup. Ct.; court below, No. 782 October Term 1887, C. P.

On September 5, 1887, upon petition of the sheriff of Luzerne county, the court below granted a rule for an interpleader, to try a claim of title made by George Schrank to certain personal chattels levied on by the sheriff, as the property of Fritz Raisch, at the suit of John Utz, George Brown and George Shoemaker respectively. The rule was subsequently made absolute, and a feigned issue was framed between George Schrank, the claimant, as plaintiff, and the execution creditors, Utz, Brown and Shoemaker, as defendants. On October 8, 1888, the death of George Schrank being suggested, his executor, Louis Tisch, was substituted as plaintiff.

At the second trial, on January 14, 1890, the following facts were shown:

On March 24, 1886, judgment was confessed in favor of George Schrank against Fritz Raisch, upon a note dated March 31, 1885, for $100, with interest from date, containing a warrant of attorney. On July 7, 1886, judgment was entered in favor of the same plaintiff against the same defendant, upon a similar note, dated July 2, 1886, for $700 with interest. On the date of the latter note, Schrank took from Raisch a bill of sale of certain personal property, consisting of household goods, and various chattels used by Raisch in carrying on business as a butcher, as security for the payment of the $700

in said note mentioned. The goods specified in the bill of sale were permitted to remain in Raisch's possession, and he continued to carry on the butchering business as before.

On August 19, 1886, attachments against Raisch were issued by an alderman, under § 27, act of July 12, 1842, P. L. 346, at the suit of Utz, Brown and Shoemaker, the defendants in the feigned issue. Under those writs the same property was attached that Raisch had transferred to Schrank by the bill of sale. Schrank thereupon brought replevin for the goods against the plaintiffs in the attachments and the constable who executed them. He also brought actions of trespass against the same persons, to recover damages for their seizure. The paper-books did not disclose what disposition was made of those suits. Subsequently, Schrank caused writs of fieri facias to be issued upon his judgments against Raisch, by virtue of which the sheriff levied on the property covered by the attachments of Utz, Brown and Shoemaker, and, on November 20, 1886, made sale of the same. The attaching creditors were present at the sale, and gave notice that purchasers would take the property subject to the attachments. The goods were all purchased by Schrank. No order or notice to pay the proceeds of sale into court having been served upon the sheriff, he applied the same to the writs of execution in his hands; and, having received from the sheriff possession of the goods purchased, Schrank left them in the possession of Raisch.

The attachment suits against Raisch, having been brought into the Court of Common Pleas by appeal, were submitted to a referee, *Mr. F. M. Nichols*, who found in favor of the plaintiffs therein. Judgments having been entered in their favor, the executions that gave rise to the interpleader proceedings were issued.

The defendants disputed the bona fides of the judgments under which the sheriff's sale was held. Testimony of Schrank, given upon the former trial, and testimony of Raisch, called as a witness by the plaintiff, tended to show that the consideration of those judgments was money loaned by Schrank to Raisch at various times, amounting in the aggregate to $800. Defendants' counsel offered in evidence "the testimony of George Schrank and others," taken before the referee in the attachment cases, "for the purpose of contradiction."

Objected to.

By the court: Objection overruled; exception.[1]

The referee, testifying for the defendants, identified his notes of the testimony given before him by John Utz, W. S. Parsons and George Schrank, on the trial of the attachment cases. Following this, the notes of trial exhibited proceeded thus: " Defendant offers the testimony of George Schrank as taken by Mr. Nichols, for the purpose of contradiction. Testimony of George Schrank, as contained in the referee's report, read in evidence." In the appellant's paper-book the testimony of John Utz, given before the referee, was printed as having been admitted under the offer excepted to. The appellees' paper-book denied that Utz's testimony was read to the jury.

The defendants offered in evidence the bill of sale from' Raisch to Schrank, dated July 2, 1886.

Objected to, as not pertinent or relative to the issue.

By the court: Objection overruled; exception.[2]

In the testimony for the defendants, certain acts and declarations of Raisch in the way of claiming the property subsequent to the date of the bill of sale, were shown. These are specified in the charge of the court below, infra. There was also testimony tending to show that Raisch represented to different persons, a short time prior to giving the bill of sale, that he was not in debt to anybody.

In rebuttal the plaintiff called Valentine Wich, and made the following offer :

Plaintiff's counsel propose to prove, by witness on the stand who is a disinterested witness, that Fritz Raisch told him, the witness, of money that Raisch had received from George Schrank, now deceased, and also that George Schrank told him as to the amount of money he had given to Raisch, and that Schrank also asked witness's opinion how to secure himself, as Raisch wanted more money; that he had now given him six or seven hundred dollars, and wanted to be secured in what money he had given ; that this conversation took place in the month of March or April, 1886.

Objected to, (1) as not rebuttal; (2) as immaterial; (3) as incompetent and not being in the presence of either of the defendants: (4) as neither showing nor tending to show that the sheriff's sale of November 30, 1886, conveyed title to these goods in question, to the plaintiff.

Charge of Court below.

By the court: Objection sustained; testimony excluded; exception.[5]

The testimony being closed, the court, WOODWARD, J., charged the jury in part as follows:

George Schrank recovered from Fred Raisch, or received from him by confession, two judgments, one for one hundred dollars, and the other for seven hundred dollars, and these judgments were regularly entered on the record of the court, to November Term 1886. Execution was issued on both these judgments, and placed in the sheriff's hands, and these executions were levied by the sheriff upon a stock of butcher's equipments, goods, personal property and merchandise contained in the store and about the premises of Frederick Raisch, the defendant. The sheriff sold all this property to George Schrank, the plaintiff in the writ. His title to this property, therefore, depends on that sheriff's sale. So far as the forms of the law are concerned, the sale was regular and valid, and if there were nothing else in the case than this, would vest in George Schrank, or in his executor, the present plaintiff who stands in his stead, a good title to the personal property in question.

On August 19, 1886, or about that date, the present defendants commenced proceedings before Alderman Parsons of this city, in the nature of attachments under the act of 1842, and these attachments were laid upon the same personal property and goods levied upon by virtue of the executions to which I have called your attention. The defendants now claim that these attachments having been laid upon this property first, or prior to the lien of the sheriff's execution, or before the lien of the sheriff's execution attached, therefore the subsequent proceedings upon the execution were void. We say to you at this point, that we are unable to adopt that view of the case, and as we understand the law, it is competent to levy an execution like this, in the hands of the sheriff, upon property already covered by such attachments as those in question, and to proceed with the sheriff's sale of the property ; and that the effect of the attachments upon the execution in the hands of the sheriff, is to bring the money for distribution into court, but not to prevent proceedings on the sheriff's writ up to that point. In other words, that the property is not in the custody of the law

Charge of Court below.

in such a sense, by reason of the attachments, that the sheriff had no right to proceed with his executions. And we say this in regard also to property which may have been delivered on the attachments to the judgment creditors, as well as in regard to property remaining in the hands and in the possession of the defendant in the writ. The sheriff may pursue such property, levy upon it, sell it, bring the money into court, and the attachment creditors must look to the fund, upon distribution, for their money.

But the whole proceeding upon these judgments and these executions is attacked by the defendants in the present issue on the ground of fraud. And if fraud be shown to your satisfaction, it vitiates the whole proceeding and makes it void. Fraud is not presumed in law; it must be proved. Men are assumed to deal honestly until the contrary is established. But this rule of the law means no more than that the jury must be satisfied from all the evidence in the case, and the weight of the evidence, that fraud exists. If they are so satisfied, either from the direct proof, which is unusual in cases of alleged fraud, or from indirect and circumstantial proof which leads inevitably to a conclusion of fraud, they may find it to exist, although there is a legal presumption that all things are fair.

[The defendants allege fraud, and to establish it they call your attention to several different facts and circumstances; first, to what is called the bill of sale, which purports to have transferred the title of this personal property from Frederick Raisch to George Schrank on July 2, 1886. That paper has been read in your hearing. It is supposed to be a bill of sale. As such, its effect would be to transfer the title to this personal property from the vendor to the vendee. Your attention is also called to the fact that notwithstanding this bill of sale Raisch never surrendered possession of the property, but remained apparently its owner ; that as such he went on with the business of butchering at the old stand ; that he contracted debts for cattle in the line of his business, and sold to customers in the ordinary way ; that there was no change of the sign over the door of his shop, as I understand it, or of the name and advertisement painted on the wagon by which the meat was peddled on the streets of the town.] [3]

Charge of Court below.

[Furthermore, your attention is called to the fact of certain declarations made by Raisch to various parties who were called here as witnesses, or whose testimony we have from the record, that he was solvent and out of debt, excepting a very inconsiderable amount at or about the time when he conveyed his personal property to Schrank for a presumed debt, under the bill of sale.] [4] The defendants also call your attention to the fact that, whilst Schrank claimed to be a creditor of Raisch to the amount of about $800, advanced at different times and in different sums, in no instance has he shown any acknowledgment for such indebtedness in the form of a note or due-bill or memorandum, such as it is claimed it is customary to give in similar transactions between man and man. Your attention has also been called to a book which has been described in evidence, which Mr. Schrank testified was his book of original entries in a certain sense, or at least a book in which he put down the amounts loaned to Raisch at the time they were advanced, which it now seems could not have been the case, because the book at the time of the dates of these entries, had not been made. But you must consider also in this connection his explanation that he meant to be understood, not that the only and original entry was made on this book, but that it was made on slips of paper and by him transferred to the book at a subsequent date. The defendant has called your attention also, in connection with the allegation of fraud, to the fact of certain proceedings brought by Raisch before Esquire Kulp about the thirtieth of August, 1886, or in August, 1886, in which he claimed title to this property, notwithstanding the bill of sale heretofore made; also to suits brought by Schrank in August, 1886, in replevin; also to the actions of trespass; also to what is known as the Sherman & Lathrop suit against Raisch before Alderman Parsons in July, 1886, upon which there was a judgment and an execution issued upon which Raisch claimed an appraisement and an exemption, as if he were the owner of the goods at that date. The bill of sale was dated on July 2, 1886; the judgments are dated March 25, and July 7, 1886, respectively, but no executions were issued upon them until October, 1886, and then the sheriff's sale to Mr. Schrank was made.

Now, gentlemen of the jury, under all the evidence in this case, do you believe that this was an honest, fair transaction

Charge of Court below.

between these parties? That is the question. Did Frederick Raisch honestly owe George Schrank this money? Were these judgments confessed to Schrank for the purpose of liquidating an honest indebtedness? If so, the sale upon them having been regular, the present plaintiff ought to recover the property involved in this issue. If, on the contrary, you believe from all the evidence in the case that there was fraud in the transaction, that the purpose was not honest, that the indebtedness was not real, then the plaintiff ought not to recover in this action, and your verdict should be in favor of the defendants. . . . .

Defendants' counsel request us to charge you:

1. Property seized by process of attachment issued under the act of 12th of July, 1842, is impounded to meet the claim of the plaintiff in the attachment.

2. And while so impounded, it is in the custody of the law, and it is not liable to other executions.

3. That an officer having a writ of execution to execute, cannot sell property already in the possession of the law by attachment process, as he cannot obtain rightful possession thereof, and without such possession he cannot make sale.

4. That, in this case, as the attachment had been served on the nineteenth of August, 1886, and the execution was issued on the first of November, 1886, the sale by virtue of the latter to George Schrank passed no right or title in the goods thus sold to him, and your verdict must be for the defendants, with costs.

5. That notice having been given the sheriff, the execution creditor, and the purchaser at the sheriff's sale, on the writs of Schrank v. Raisch, that the goods had been attached by Utz et al., and that the sale would be made subject to said attachments, the sale was so made and your verdict must be for the defendants.

6. That the bill of sale of July 2, 1886, Raisch to Schrank, was fraudulent in law.

Gentlemen, we are unable to adopt the views expressed by the learned counsel in these points and we refuse to affirm any of them; they are all disaffirmed.

—The jury returned a verdict for the defendants. A rule

for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error:

1, 2. The admission of defendants' offers.[1] [2]

3, 4. The parts of the charge embraced in [ ] [3] [4]

5. The refusal of plaintiff's offer.[5]

*Mr. Michael Cannon* and *Mr. Gustav. Hahn*, for the appellant:

1. The testimony taken before the referee in the attachment suits was inadmissible. George Schrank was not a party to those suits, nor was their subject-matters the same as those of the case at bar. It is necessary under § 1, act of March 28, 1814, 6 Sm. L. 208, that both the parties and the subject-matter should be the same, to make such testimony admissible.

2. The bill of sale was erroneously submitted to the jury. It naturally led them to infer that the plaintiff was claiming under it and not under the sheriff's sale. The sale by the sheriff, being admittedly regular and fair in all respects, vested in the plaintiff a good and valid title: Thompson v. O'Hanlen, 6 W. 492; Freeman v. Caldwell, 10 W. 9; Piper v. Martin, 8 Pa. 211. The leaving of the property in the hands of the debtor, Raisch, after the purchase of it at sheriff's sale, was not a badge of fraud or evidence of it: Maynes v. Atwater, 88 Pa. 497; Bisbing v. Third N. Bank, 93 Pa. 79; Miller v. Irvine, 94 Pa. 405. The court should have instructed the jury that fraud was not to be inferred: Spering v. Laughlin, 113 Pa. 209; Mead v. Conroe, 113 Pa. 220; though no point was presented: Bisbing v. Third N. Bank, 93 Pa. 79.

3. The remedy of the attaching creditors was to obtain an order on the sheriff to pay the proceeds of sale into court: Zeigler v. Pierce, 23 W. N. 27. They could not afterwards levy on the property and sell it a second time: Myers v. Harvey, 2 P. & W. 478. The testimony proposed to be given by Valentine Wich should have been received. Though the onus was upon the plaintiff, he was entitled to the benefit of every circumstance of fact which a jury might properly draw from the evidence: Maynes v. Atwater, 88 Pa. 496. And the court should have stated to the jury that by the uncontradicted testimony the ownership of these goods was conclusively shown to have been in George Schrank at the time of the levy in favor of the defendants: Whitney v. Moore, 77 Pa. 479.

*Mr. Edmund G. Butler*, for the appellees :

The only testimony taken before the referee in the attachment suits, and used in the case at bar, was that of George Schrank himself. It was admitted and was admissible, for the purpose of contradiction. His admissions and contradictions tended strongly to establish our allegation that the judgment notes under which the sheriff's sale took place, were fraudulent. All his contradictions, and the circumstances connected with his claim of the goods under the bill of sale, were submitted to the jury, not as evidence of fraud subsequent to the sheriff's sale, but as bearing upon the character of transactions prior thereto. The declarations of Raisch and Schrank, of the rejection of which the appellant complains in the fifth assignment of error, were made after the defendants had given credit to Raisch, and could not be received to affect them. Nor were those declarations in rebuttal of anything.

OPINION, MR. CHIEF JUSTICE PAXSON :

This was a feigned issue, under the sheriff's interpleader act. The appellant claimed title under a sheriff's sale. It appears that the appellant's testator, George Schrank, held a judgment against one Fritz Raisch, upon which he issued an execution, levied upon the personal property of Raisch, and at the sale thereof became the purchaser. This gave him a good title to the property, in the absence of fraud.

It is proper to mention that, some time before Schrank issued his execution, he had taken a bill of sale from Raisch, for the same property levied upon, and allowed the latter to remain in possession. Afterwards certain creditors of Raisch issued attachments against him, upon which the property was seized. Schrank, claiming it under his bill of sale, brought trespass against the plaintiffs in the attachments and the officer who served them, and also sued out a writ of replevin. Finally he issued his fieri facias, as before stated, levied on the property subject to the writs of attachment, and became the purchaser at the sheriff's sale. The effect of this sale was to free the property from the lien of the attachments ; the purchaser took a good title, and the lien of the attachments was transferred from the property to the fund. These facts are mentioned, not as having any special importance in the case, but for the

Opinion of the Court.

reason that they appear to have led to some confusion upon the trial in the court below. The most that can be made of the bill of sale, the suit for trespass and the replevin, is that the whole was a clumsy device of an ignorant man to secure himself against loss, assuming him to have been a bona-fide creditor of Raisch. Subsequently, the attaching creditors obtained judgments, and proceeded to levy upon the same property which the sheriff had previously sold to Schrank. This feigned issue was then framed to try the question of the ownership of the said property.

As before observed, the sheriff's sale gave Schrank a good title, in the absence of fraud. If the judgment upon which his execution issued was bona fide, and for an honest debt, his title was good against the world. It follows that the only question properly before the court below was the validity of that judgment.

The first assignment alleges that the court erred in admitting the testimony of a number of witnesses taken in another suit, to which Schrank was not a party, to be read in evidence. Among those witnesses was Schrank himself, and his testimony was offered for the purpose of contradiction. So far as it tended to contradict his evidence given in the present proceeding, it was competent. The mere declarations of a party to a suit, made out of court, may be used to contradict his testimony in court, provided the proper ground be laid for their introduction. I am somewhat at a loss to know whether the testimony of John Utz, and the other witnesses referred to in this assignment, was admitted and read to the jury. The paper-book is not clear upon this point. If admitted, it was error, for the reason that it was taken in another proceeding, to which the appellant was not a party and where the issue was entirely different. Moreover, much of the testimony was irrelevant, even if otherwise admissible. As the case must be reversed upon other grounds, these suggestions are made for the guidance of the court below upon another trial.

We think it was error to admit the bill of sale referred to in the second assignment. It had no bearing upon the validity of the judgment. We are dealing with an allegation of actual fraud, and a bill of sale is only evidence of a constructive fraud when not accompanied with the possession of the pro-

Opinion of the Court.

perty. It is good between the parties, yet, when taken in the most perfect good faith and based upon the fullest consideration, the law declares it a fraud against creditors when there is no corresponding change of possession. It is, however, a constructive fraud only, and is not of itself evidence of actual fraud.

Assuming that the bill of sale was a badge of actual fraud, the learned judge fell into error in that portion of his charge embraced in the third assignment. It is as follows:

" The defendants allege fraud, and to establish it they call your attention to several different facts and circumstances; first, to what is called the bill of sale, which purports to have transferred the title of this personal property from Frederick Raisch to George Schrank on July 2, 1886. That paper has been read in your hearing. It is supposed to be a bill of sale. As such, its effect would be to transfer the title to this personal property from the vendor to the vendee. Your attention is also called to the fact that notwithstanding this bill of sale Raisch never surrendered possession of the property, but remained apparently its owner; that as such he went on with the business of butchering at the old stand; that he contracted debts for cattle in the line of his business, and sold to customers in the ordinary way; that there was no change of the sign over the door of his shop, as I understand it, or of the name and advertisement painted on the wagon by which the meat was peddled on the streets of the town."

All this was irrelevant to the issue before the court, and the evidence of which it was predicated had no proper place in the cause. It related to matters which occurred prior to the sheriff's sale, which sale, as before observed, passed a good title to Schrank, in the absence of fraud; and that fraud, if it exists, must be found in the judgment, not in the clumsy and abortive attempt to hold the property by virtue of a bill of sale. Had Schrank claimed title by virtue of this bill of sale, it would have been a case of constructive fraud, and the charge of the learned judge would have been correct. But his title had been perfected by a judicial sale, and the case has resolved itself into a question of actual fraud.

We cannot say that this ruling did the plaintiff no harm. On the contrary, it was vital, and took the heart out of his

case. Indeed, but for this, I do not see how the jury could have found for the defendants, as the integrity of the judgment was not assailed by a single witness, so far as I have observed, and I have read the testimony with some care. The testimony of both Schrank and Raisch, the parties to the judgment, fully sustains its consideration. The most that can be urged against it are some trifling contradictions in their testimony. Neither witness was impeached, or seriously contradicted.

We think it was error to call the attention of the jury to certain declarations of Raisch, made to various parties, as to his financial condition. That a defendant in a judgment cannot destroy it by his mere declarations is settled law. The latest case upon this subject is Unangst v. Goodyear Co., 141 Pa. 127, decided at the present term. The holder of a judgment would have a very precarious security, if his debtor could destroy it by his mere loose declarations. Aside from this, Raisch was not a party to this proceeding and was a competent witness. His declarations were not competent.

The plaintiff has no reason to complain of the rejection of the testimony of Valentine Wich. He was offered to prove the declarations of the plaintiff himself, and of Raisch. If such testimony were competent, the parties to a suit could manufacture evidence without limit. This does not require discussion.

> The judgment is reversed, and a venire facias de novo awarded.