## L. W. Spencer and H. W. Spencer, trading as L. W. Spencer & Co., Appellants, *v.* Edgar L. McCloskey.

*Practice, C. P.—Execution—Constable's levy under attachment—Sheriff's levy.*

Property taken under proceedings in attachment under the Act of July 12, 1842, P. L. 339, and its supplement of the Act of March 22, 1850, P. L. 233, is subject to levy and sale under execution against the defendant during the pendency of the attachment, the lien thereof being transferred to the fund.

Where a sale under a levy was prevented by the plaintiff in such attachment giving notice not to sell, the sheriff is not liable to him for obeying the directions given when he withdrew from the levy in the presence of the constable who held the original attachment. No special form is required to be observed by the sheriff when the property was released from the lien of the execution.

Argued Feb. 16, 1898. Appeal, No. 19, Feb. T., 1898, by plaintiffs, from judgment of C. P. Clearfield Co., Sept. T., 1894, No. 402, on case stated in favor of defendant. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass. Before LOVE, P. J., of the 49th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

By the case stated it appears that the amount to be recovered by plaintiffs, if they were entitled to judgment, was $160.81 with interest from June 12, 1891, and costs.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was entering judgment on the case stated in favor of defendant.

*Roland D. Swoope*, with him *William F. Patton*, for appellants.—The learned court below based their construction of the supplemental act of 1850 upon the case of Tisch v. Utz, 142 Pa. 186, but the very point raised in the case at bar as to the construction of the supplemental act of the 22d of March, 1850, has been expressly decided by our Supreme Court in the case of Harbison v. McCartney, 1 Grant, 172.

If the sheriff actually seize goods and afterwards deliver them up to the debtor, they are abandoned and a junior fi. fa. may take them. The first execution creditor in such a case must look to the sheriff and not to the property abandoned: Schuylkill County's Appeal, 30 Pa. 358.

Where the sheriff levies upon goods and fails to sell them and redelivers them to the defendant, he is liable for their value : Commonwealth v. Contner, 18 Pa. 439.

The execution creditor cannot lose his lien or priority without some neglect or fault on his part, without at least having a full remedy against the sheriff, and on his official bond : Bain v. Lyle, 68 Pa. 60.

Where the sheriff levies upon property and leaves it in possession of the defendant in the writ, the defendant becomes the bailee of the sheriff : Weidensaul v. Reynolds, 49 Pa. 73; Wood v. Vanarsdale, 3 Rawle, 401.

Having made Robert Bloom his agent to take charge of the property, he is liable for the negligence or fraud of said agent: 1 Am. & Eng. Ency. of Law (1st ed.), 410.

This rule expressly applies to the case of the sheriff leaving goods with defendant : Gilbert v. Crandall, 34 Vt. 188.

As to the necessity of some formal act of the officer to release levy, we cite Miller v. Getz, 135 Pa. 558.

*Thos. H. Murray,* with him *Allison O. Smith,* for appellee.— The case of Tisch v. Utz, 142 Pa. 186, decided in 1891, recognizes the right of the sheriff to take the property and sell it. It cannot be claimed that he did anything that took away the lien or prevented its enforcement. The seizure did not do that, for the statute authorizing such seizure neither releases nor affects the lien or justifies its abandonment by the constable : Miller v. Getz, 135 Pa. 558.

The right of the constable to retake, imposed the correspondent duty to retake.

OPINION BY ORLADY, J., July 29, 1898 :

By the case stated it appears that, before a justice of the peace, the plaintiffs issued an attachment against Robert Bloom under the act of July 12, 1842, by virtue of which a constable levied upon and took into his possession certain personal prop-

erty, and left it in charge of a hotel keeper during the pendency of the attachment proceedings.    The attachments matured into judgments before the justice on March 5, 1891, and appeals were then taken by the defendant to the court of common pleas, in which court, and in the Supreme Court, the proceedings resulted in a final judgment in favor of the plaintiff on May 22, 1894.

Pending the proceedings on the above attachment, to wit: on May 5, 1891, Robert Bloom, the original defendant, confessed a judgment to another creditor, and on this judgment an execution was issued and directed to Edgar L. McCloskey, the then sheriff of Clearfield county, who by virtue thereof levied upon the same property, inter alia, which had been seized under the attachment issued by the justice, and he advertised it for sale on June 12, 1891.    On June 3, 1891, the sheriff was served with a number of notices affecting his right to sell the property, and the distribution of the fund to be produced by the sale.    Among the notices was one signed by counsel for L. W. Spencer & Co., which recited the attachment proceedings and concluded " that plaintiffs (L. W. Spencer & Co.) claimed said property was held and bound by said attachments, and he (the sheriff) would be held responsible for any interference therewith, and notified him not to sell that part of said property levied upon that had been attached by said constable as above set forth."

On June 12, 1891, the day advertised for the plaintiff's sale, the plaintiff in the execution, by reason of the notices served upon the sheriff, stayed his writ, and the sheriff then and there abandoned the possession of the property in dispute, and left it in possession of Robert Bloom, the defendant in the execution and attachment proceedings.    It is important to notice that on June 12, 1891, when the sheriff surrendered all claim to the property, the constable to whom the original attachment was directed was present, and knew of the release of the property from the sheriff's levy; and that he did not retake the property into his possession.

This action is against the sheriff to recover for the wrongful seizure of the property, his negligence in conducting the proceedings under the execution in his hands and in not formally delivering the property into the possession of the constable.

The property was liable to be seized under the provisions of the act of 1842 and the supplement of 1850, and the sheriff had a right to take it under the writ of fi. fa.   Had a sale followed, the purchaser would have taken a good title, and the lien of the attachment would have been transferred from the property to the fund : Tisch v. Utz, 142 Pa. 186.

But the sale was prevented by the plaintiff in giving the notice not to sell, and the sheriff is not liable to him for obeying the directions so given.

The officer elected to act in accordance with the notice given by the plaintiff, and withdrew from the property in the presence of the constable who held the original attachment.   The property was there in his view, freed from the sheriff's levy through the direction of the plaintiff, and he could then have asserted the attachment against it.

No special form was required to be observed by the sheriff when the property was released from the lien of the execution. The interested parties were present and each side acted understandingly.   The result of the notice was just what must have been contemplated, and the sheriff is not liable for the loss resulting from obeying the plaintiff's notice to him.

The judgment is affirmed.