# Oterie *v.* Vitale, Appellant.

*Evidence—Depositions—Waiver of irregularity—Rules of court.*

1. Depositions taken in another state on a rule entered by leave of court under the Act of June 25, 1895, P. L. 279, but not taken on the day designated in the notice, are not admissible in evidence unless the irregularity as to the date of their taking is waived; but the objection will be considered as waived where the person having the right to object fails to file exceptions to the depositions within the time prescribed by general rule of court, and makes no objection at the trial, but raises the question for the first time, after verdict, on motion for new trial.

*Evidence—Letter—Self-serving declaration.*

2. A letter cannot be rejected as a self-serving declaration where it appears that it was written in answer to a letter alleging payment of the money in dispute.

Argued Nov. 11, 1913.  Appeal, No. 94, Oct. T., 1913, by defendant, from judgment of C. P. Lancaster Co., March T., 1906, No. 48, on verdict for plaintiff in case of Santo Oterie and Chas. Delerno, trading as S. Oterie & Co., v. A. Vitale.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Assumpsit to recover the price of bananas sold and delivered.  Before LANDIS, P. J:

At the trial the defendant claimed that he had bought the bananas from Russo Brothers of Baltimore and that he had paid Russo Brothers for them.  The plaintiff offered in evidence depositions of Santo Oteri and Peter DeLerno taken in Louisiana on a day later than the day designated in the notice.  No exceptions had been filed to the depositions as provided by rule of court, nor was there any objection made to their admission at the trial.

The court admitted under objection and exceptions the following letter which was not signed:

"January 6, 1906.

"Mr. A. Vitale,

"Lancaster, Pa.,

"Dear Sir:—We desire to call your attention to our letter of November 28th. 05, wherein we advised you that Russo Brothers, of Baltimore, had no authority to collect $235.00, amount of our invoice dated November 7th. 05, for car Bananas P. R. R. 100927, which was sold to you through Messrs. Ferrara, Crova & Co., of Baltimore, acting as Broker.

"We again repeat, we cannot understand why you paid this money to Russo Brothers when they had no authority to collect moneys and besides they did not figure in this transaction.

"We are drawing sight draft on you to-day for this amount and beg to advise that if same is not paid on presentation, we have no other recourse but to place the account in the hands of our attorney with instructions to enter suit.

"We hope you will not force us to resort to this proceeding on account of your unbusiness like methods.

"We have instructed our Bank to telegraph us in the event that our draft is not paid.

"We do not recognize Russo Brothers in this transaction at all, you should look to them for whatever money you paid them.

"Very truly."

Verdict and judgment for plaintiff for $324.87. Defendant appealed.

*Errors assigned* among others were (6) in admitting in evidence the letter of January 6, 1906, and (8) in admitting the depositions of plaintiffs taken under a rule under the act of May 25, 1895, wherein they gave the defendant notice that the depositions will be taken at the office of John Watt Duffy, notary public, in the city of New Orleans, on December 10, 1908; whereas, no commission was issued until December 21, 1908, and depositions were not taken until January 30, 1909, in which the defendant had no notice.

*B. F. Davis,* with him *T. B. Holohan* and *A. F. Shenck,* for appellant, cited as to the admission of the depositions: Norwegian St., 81 Pa. 349; Harris v. Mercur, 202 Pa. 313; Apollo Boro. v. Clepper, 44 Pa. Superior Ct. 396.

Cited as to the admission of the letters: Clever v. Hilberry, 116 Pa. 431.

*L. R. Geisenberger,* of *Geisenberger & Rosenthal,* with him *John E. Malone,* for appellees, cited as to the

depositions: Helfrich v. Stem, 17 Pa. 143; Marsh v.
Nordyke, 15 Atl. Repr. 875; Shannon v. Castner, 21
Pa. Superior Ct. 294; Danley v. Danley, 179 Pa. 170;
Roebling's Sons v. American Amusement & Construction Co., 231 Pa. 261; Mills v. Buchanan, 14 Pa. 59;
Benner v. Fire Assn., 229 Pa. 75.

OPINION BY RICE, P. J., December 17, 1913:

The principal question that was discussed on the
argument of this appeal is based on the fact that the
depositions of certain witnesses residing in another
state, which were taken on a rule entered by leave of
court under the Act of June 25, 1895, P. L. 279, were
not taken on the day designated in the notice, but on a
later day. It is argued that the giving of due notice
of the time and place, when and where the depositions
are to be taken, is a requirement which the court cannot
dispense with without the consent of the parties, which,
of course, is an indisputable proposition. Therefore,
the objection that the depositions were taken at a later
time than that appointed in the rule entered by leave
of court, or in the notice annexed to and made part of
such rule, if it be so appointed, is a fatal objection unless
it be waived by the opposite party. But it is quite
clear that if the latter expressly waives it, the court
cannot be convicted of error in giving effect to the
waiver and admitting the depositions in evidence.
Being an objection which the party may waive, a waiver
may be implied from unequivocal acts which clearly
show that such was his intention. The power which
was formerly held to be inherent in all courts of record,
and was expressly recognized and affirmed in the Act
of June 16, 1836, sec. 21, P. L. 784, extends to the
establishing of such rules for regulating the practice
thereof and for expediting the determination of suits,
causes and proceedings therein, as in their discretion
they shall judge necessary or proper, provided that
such rules shall not be inconsistent with the constitution

and laws of the commonwealth. A large number and variety of instances, in which rules of court quite as broad as the rule of the court below have been sustained, are cited in Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432; see also Laukhuff's Est., 39 Pa. Superior Ct. 117; Reznor Hotel Co.'s License, 34 Pa. Superior Ct. 525. As is shown in these and other cases that might be cited, the fact that the rule requires the party to do something, in order to make his objection to the depositions effective, that he would not have been compelled to do if the rule had not been made, is not, in itself, conclusive against the validity of the rule. Applying the well-settled principles enunciated in these and other cases, there can be no doubt that the court, by general rule, may prescribe a reasonable time after due notice of the return of a commission to take depositions within which objections to "the form of the execution or return" of the commission shall be specified by exceptions filed, and that a waiver may be implied from the unexplained omission to file such exceptions. In the present case the defendant not only omitted to file exceptions to the return within the time prescribed by the rule of court, but also, when the depositions were offered on the trial, omitted to raise the objection now urged and put his objection upon other specific grounds. The present objection seems to have been raised for the first time after verdict on motion for new trial. Under the circumstances, which are more fully set out in the opinion filed by the learned judge in refusing that motion, the defendant must be deemed to have waived the objections that the depositions were not taken at the time designated in the notice but at a later time.

The sixth assignment of error relates to the admission in evidence of the copy of a letter from the plaintiffs to the defendant dated January 6, 1906, the objection being that it was not written in reply to any letter from the latter to the former, and therefore must be

regarded as merely a self-serving declaration.  But it is to be observed that on November 24, 1905, the defendant had written a letter to the plaintiffs in which he claimed to have rightfully paid Russo Bros. for the bananas, and inclosed the latter's receipt, and that on November 25, the plaintiffs wrote in reply to that letter protesting against the alleged payment to Russo Bros. and insisting on the defendant's liability to the plaintiffs.  The plaintiffs' letter of January 6, 1906, was, in effect, a repetition of the objection urged in their former letter, and therefore may be truly said to have been brought out by the assertion made in the defendant's letter of November 24.  Therefore, we are unable to see that there was error in admitting the plaintiffs' letters replying thereto.

The other assignments of error do not require particular notice except to say that they are not sustained.

The judgment is affirmed.