## Hershey v. Love, Appellant.

*Evidence—Letters—Self-serving evidence—Lost letter—Contract —Purchase of corporate stock.*

1. A statement of a party, whether oral or written, which is of a self-serving nature, is not admitted in evidence in his favor.

2. Letters from defendant to plaintiff tending to prove facts favorable to defendant are not admissible, as they are self-serving statements, and this is especially so where they are offered before defendant is called as a witness, and are evidently intended for the purpose of establishing facts which he subsequently verified by his own testimony.

3. A party who attempts to establish a contract by correspondence will not be allowed to put in evidence a letter from himself to the adverse party which on its face purports to answer a letter from the adverse party, without producing the previous communication, or, if the previous letter is lost or beyond his control, without showing this fact, and then proving its contents.

4. In an action to recover the value of a large number of shares of stock of a corporation, which plaintiff claimed he was entitled to, but never received, it is proper to refuse defendant's offer to prove that, in a prior equity suit against the corporation, plaintiff asserted that he was the holder and owner of one share.

Argued May 15, 1923.  Appeal, No. 83, Oct. T., 1923, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1915, No. 459, on verdict for plaintiff, in case of John S. Hershey v. Joseph K. Love.  Before WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Assumpsit for breach of contract.  Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $25,000.  Defendant appealed.

*Errors assigned,* inter alia, were rulings on evidence referred to in opinion of Supreme Court, and refusal of judgment for defendant n. o. v., quoting record.

*Philip N. Shettig,* with him *Forest & Percy Allen Rose,* for appellant, cited, as to the letters: McKee v. Jones, 6 Pa. 425; Clever v. Hilberry, 116 Pa. 431; Crossgrove v. Himmelrich, 54 Pa. 203; Glatfelter v. Mendels, 46 Pa. Superior Ct. 562; Oterie v. Vitale, 55 Pa. Superior Ct. 492.

*Thomas F. Gain,* with him *George E. Wolfe* and *Brown & Williams,* for appellee.

OPINION BY MR. JUSTICE SADLER, June 23, 1923:

Hershey orally agreed with Love to aid in the financing and construction of a hotel in the City of Johnstown, in consideration of a promise to pay for his service by transferring preferred stock of the company to be formed, with a bonus of common. This arrangement was made in 1914, but disputes arose between the parties, and the contract was repudiated by defendant in the following year. About March 1, 1915, plaintiff demanded the delivery of the 250 shares which he claimed the right to, and a refusal followed, it being insisted a new contract, for a weekly salary and commission on sales of securities made, had been substituted for the original agreement. Suit was brought to recover $25,000, admittedly the value of the stock involved, with interest, and a trial resulted in a verdict for this amount. A motion for judgment non obstante veredicto was overruled, and a new trial refused.

The errors assigned on this appeal are principally directed to the refusal to admit in evidence certain documents offered. Exhibit D was a letter from counsel for defendant, dated July 13, 1915, in which all liability was denied. Plaintiff had testified that, in the beginning of the previous March, he had demanded satisfaction of his

claim, and was refused because of the noncompletion of the building. The letter of the attorney, written some months later, refusing recognition of any legal claim, . clearly did not tend to show the statement of Hershey to be untrue, and was therefore properly rejected, as was practically conceded by counsel for appellant on the oral argument.

Admission of three other communications, dated March 16th, 22d, and April 7th, was likewise refused. They were apparently sent in answer to letters of plaintiff making demand for payment, and set forth the defense of a substituted contract. The notes, to which these were replies, were not produced, nor was the purpose of the offers given. An examination of their contents fails to disclose in them contradiction of the testimony of the plaintiff, except as to the reason for nonpayment which is averred. Clearly, they were self-serving statements, and not admissible as proof necessary to establish the defense set up. Love was called later and swore to the facts contained in them.

It is a well-established general rule that a statement of a party, whether oral or written, which is of a self-serving nature, is not admissible in evidence in his favor: 22 C. J. 220; Tisch v. Utz, 142 Pa. 186. This rule has been applied where the effort was to make use of an affidavit of defense (Kittanning v. Kittanning Natural Gas Co., 26 Pa. Superior Ct. 355), a sworn claim in replevin (Guinn v. Vitte, 63 Pa. Superior Ct. 611), or letters setting forth the position of the party who offers them: Barrow v. Newton, 55 Pa. Superior Ct. 387. As was said by Justice STEWART, in considering a like contention: "The statement contained in the letter of the trust company written in reply to the demand made by the plaintiff for performance of the contract that Mc-Fadden had advised the company that the claim was contested and notified it not to transfer or mortgage the property, was not evidence of such fact. It was but a

self-serving declaration": Megraw v. Hamilton Trust Co., 252 Pa. 425, 429.

Situations do arise, where correspondence is admissible, though phrases appear therein favoring the contention of the one presenting it, as in the case of the production of a letter necessary to show a demand for payment (Crossgrove v. Himmelrich, 54 Pa. 203), return of property claimed (Glatfelter v. Mendels, 46 Pa. Superior Ct. 562), or requesting the other party to take certain steps legally required: Selig v. Rehfuss, 195 Pa. 200. So, where a party's testimony is assailed as a recent fabrication, previous declarations, though self-serving, may be shown to negative the suggestion that the evidence is an afterthought: 22 C. J. 230; Clever v. Hilberry, 116 Pa. 431. But such a situation did not appear here. On the contrary, the letters were offered before defendant was called and examined as a witness, and were evidently intended for the purpose of establishing facts which he subsequently attempted to verify by his own testimony.

Further, it is to be observed, that the letters were in answer to those of specified dates, sent by plaintiff, and the latter were not produced, nor apparently any effort made to secure them. Without this appearing, as it did in Oterie v. Vitale, 55 Pa. Superior Ct. 492, relied on by appellant, the writings could not be received. "The rule has been laid down that, a party who attempts to establish a contract by correspondence will not be allowed to put in evidence a letter from himself to the adverse party which on its face purports to answer a letter from the adverse party, without producing the previous communication, or, if the previous letter is lost or beyond his control, without showing this fact, and then proving its contents": 22 C. J. 906.

One other assignment,—the fifth,—requires consideration. The plaintiff filed a bill in equity against the hotel company, asking for the appointment of a receiver, in which he claimed to be the "holder and owner of one share" of the capital stock of the corporation. Defend-

ant offered this pleading, to contradict the plaintiff in his present claim, and thus affect his credibility. It cannot be contended that this was not legitimate proof (Lindsay v. Dutton, 227 Pa. 208), if it had the effect suggested, but an examination of the record clearly shows it had not. It was not averred in the proceeding now before us that Hershey "owned and held" a greater interest. He did insist more should be given, and claimed this obligation was recognized by defendant in placing additional shares in the hands of a trustee for his benefit. This suit was brought for the recovery of the value of the stock to which he was entitled but never received. We cannot see the statement in the equity proceeding as to ownership, is in opposition to his present position, and the learned court properly disposed of the offer.

The case was clearly one for the jury, and the motion for judgment n. o. v. could not have been sustained, and no reason for the grant of a new trial has been pointed out.

The judgment is affirmed.