## J. HUCKESTEIN ET AL. v. KELLY & JONES CO.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 3, 1890—Decided January 5, 1891.

1. A specification of error to the admission of evidence, which, though stating the offer and the objection thereto, does not set out the testimony admitted, is not in compliance with the Rules of Court and will not be considered.

2. When exceptions were not taken and sealed to the answers made by the court below to points presented for instructions, assignments specifying the answers to the points for error cannot be passed upon by the Supreme Court.

3. Copies of letters, the originals of which are not shown to have been received by or to have been mailed to the parties to whom they were written and addressed, are but ex parte declarations, and inadmissible in evidence.

(a) In an action to recover for the erection of a building, under a written contract providing for an allowance for each day's delay of completion, there was evidence, in excuse of delay, that defendant by a collateral agreement undertook, but failed, to have a siding put in for plaintiff's use:

4. There being evidence that certain grading, necessary for the siding, was to be done by the plaintiff, and that this grading he had not done, it was misleading to instruct the jury, that, with the consent of the railroad company, the defendant could have put in the siding in a day or two.

| 139 | 201 |
| 152 | 635 |
| 139 | 201 |
| 156 | 33 |
| 139 | 201 |
| 157 | 405 |
| 139 | 201 |
| 223 | 3 47 |

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 83 October Term 1890, Sup. Ct.; court below, No. 73
June Term 1889, C. P. No. 1.

On March 15, 1889, a summons was served in assumpsit by
John and Henry Huckestein, trading as Huckestein & Co.,
against the Kelly & Jones Co.    Issue.

At the trial on February 3, 1890, the plaintiffs introduced
evidence tending to prove performance of a written contract,
dated July 7, 1888, whereby for a stipulated sum they under-
took to erect certain factory buildings for the defendants, at
Greensburg, Pa., the buildings to be completed on or before
November 7, 1888, the plaintiffs to allow for every day's delay
thereafter the sum of $100.    The defendants showed that the
buildings were not completed until January 9, 1889, and
claimed deductions accordingly.

In their rebutting case, the plaintiffs made the following
offer:

"Counsel for plaintiffs propose to prove that, at the time of
the making of this contract, the defendants assured Huckestein
& Co. that they would forthwith have a switch there to facili-
tate the work, and that on that assurance this contract was
made cotemporaneous with and on it; that they failed for
four or five weeks to have that switch there, and that, there-
fore, our operations were delayed, and the delivery of material
for the completion of our contract, for various weeks; that the
contract was entered into on this assurance and with the ex-
pectation that they would be enabled to do the work with the
assistance of a switch, and that by their failure to provide that
switch we were delayed.

"Objected to, as before."

By the court: Objection overruled; exception.[1] *

---

* To explain the first specification of error, referred to in the opinion
of the Supreme Court, observe: The paper-book of appellants contained
172 pages.    The specification alleged error "in admitting any evidence
under the following proposition of plaintiffs: "—then followed the above
offer, objection, admission, and exception.    There was an index to the testi-
mony, but the specification did not give the name of the witness, nor the
page where the offer could be found, nor the testimony admitted under

Charge of Court below.

The plaintiffs showed by their clerk and book-keeper, George S. South, that the witness had *written and addressed* certain letters, to wit: exhibit 3, to the defendants; exhibit 4, to one Trump, the railroad superintendent; exhibit 5, to the defendants' attorneys, and exhibit 6 to the defendants.    These letters were dated July 11, 13, September 10 and October 24, 1888, respectively.    At the close of the witness's testimony, the plaintiffs offered the exhibits in evidence.

Objected to, as incompetent and irrelevant.

By the court: Objection overruled; exception.[2] *

At the close of the testimony, the court STOWE, P. J., after remarks upon the collateral arrangement as to the railroad siding alleged, which was not made a part of the written contract between the parties, charged the jury in part as follows :

Where a collateral arrangement, or contract, or circumstance is set up to vary the legal effect of a contract, it must be proved clearly, satisfactorily and fully,—indubitably, is the word sometimes used by the Supreme Court,—to the satisfaction of the jury; and those facts must be so established as to satisfy the jury that they were not only the basis of the contract or entered into its consideration when made, but that the failure to do what was agreed upon operated to the detriment of the party who claims to have been injured.    If that were not the case, written contracts would go for nothing.    We would write contracts in the most solemn form, negotiate and settle all the terms, and then the moment they were written the controversy would commence about what they meant; or some collateral suggestion, or some other thing that had nothing directly to do with the contract itself, would be set up as a defence, and the result would be that instead of contracts reduced to writing being thereby made certain, they would introduce a great deal more confusion than there would be if there were no writing.

---

the offer.   By a search for this information, the offer is found on p. 77 of appellants' paper-book, where it appears that the testimony offered and admitted was that of John Huckestein, and that it was a part of the plaintiffs' rebuttal case.

* In this instance, the specification properly referred to the page where the offer was found, and copied the letters in full.

Charge of Court below.

[But, at the same time, as the jury can at once see, in a case of this kind, although this railroad switch was collateral to the contract itself and really had no essential connection with the contract as put in writing, yet, if it was represented and understood between the parties, at the time it was made, that there was to be a switch there, which would necessarily, and as the evidence shows, essentially operate to the benefit of the plaintiff, if he had the use of it for the purpose of getting his material on the ground, it would be such a circumstance as would justify the jury in treating it as a part of the contract; and the failure to comply with the agreement to have it there, if there was one, as claimed by the plaintiff, would justify and in fact make it the duty of the jury to allow the plaintiff an additional time occasioned by the failure to have the railroad switch there according to the agreement between the parties. There seems to be no difficulty about the principle of law. The question for the jury is, has that allegation on the part of the plaintiff been sufficiently established by the testimony? Before it should be, in fact or in substance, incorporated into this agreement, the evidence should be clear, satisfactory and conclusive. If it does amount to that, in the minds of the jury, then any delay occasioned by the failure to have the switch there in time, should accrue to the benefit of the plaintiff; and every day he was delayed in finishing this work should be credited to the time fixed in the contract for its performance.] [8] . . . .

[If the jury are satisfied that the arrangement of the parties, at the time the bid was made and the contract executed, was that this siding would be put there forthwith or immediately, which would be within a day or two,—because (it was obvious it could be put in in a day or two, if they had the privilege of the railroad to do it; that was an obligation devolving on the defendant. If the railroad could not or would not do it for them, it was not the fault of Mr. Huckestein. They had undertaken, in that view of the case, to have it there.) [10] Mr. Huckestein had a right to have it there for his benefit; and, if the failure to have it there, assuming the jury to find the facts, as claimed by him, to be true, delayed Mr. Huckestein, then whatever delay was occasioned by that failure, reasonably and necessarily arising from it, should be also

Opinion of the Court.

allowed the plaintiff to finish his contract :] [9] and so we may say generally with reference to the flooring, steel beam, and other matters.

—Here the court read and answered certain points for instruction presented by defendants.*

The jury returned a verdict for the plaintiffs for $8,000. Judgment having been entered, the defendants took this appeal, assigning for error:

1, 2. The admission of the plaintiffs' offers.[1] [2]

3–7. The answers to the defendants' points.

8, 9. The portions of the charge embraced in [ ] [8] [9]

10. The portion of the charge embraced in ( ) [10]

*Mr. R. A. Balph* (with him *Mr. James Balph*), for the appellants.

Counsel cited: (1) Martin v. Berens, 67 Pa. 459; Greenawalt v. Kohne, 85 Pa. 369; Walker v. France, 112 Pa. 203; Cullmans v. Lindsay, 114 Pa. 171; Sidney Fur. Co. v. School D., 130 Pa. 76; Selser v. Roberts, 105 Pa. 242. (2) Gobble v. Minnich, 10 Pa. 488; D'Homergue v. Morgan, 3 Wh. 26; Weidler v. Bank, 11 S. & R. 134; Wolle v. Brown, 4 Wh. 365; Clever v. Hilberry, 116 Pa. 431; Duvall v. Darby, 38 Pa. 56; Eilbert v. Finkbeiner, 68 Pa. 243; Patton v. Ash, 7 S. & R. 116.

*Mr. A. M. Imbrie* (with him *Mr. Thos. M. Marshall* and *Mr. Thos. M. Marshall, Jr.*), for the appellees.

Counsel cited: (1) Ferguson v. Rafferty, 128 Pa. 356; Thomas v. Loose, 114 Pa. 35; Walker v. France, 112 Pa. 203; Cullmans v. Lindsay, 114 Pa. 171. (2) Reynolds v. Cridge, 131 Pa. 189.

OPINION, MR. CHIEF JUSTICE PAXSON :

The first assignment is not in accordance with the Rules of Court, and will not be considered.

The second assignment alleges error in the admission of exhibits 3, 4, 5, and 6. They are alleged copies of letters ad-

---

* An exception was sealed to the charge of the court, at the instance of defendants' counsel. No exception, however, to the answers to the defendants' points was shown.

dressed by plaintiffs to various persons. No. 3, dated July 11, 1888, was addressed to the defendants; No. 4, dated July 13, 1888, was addressed to Michael Trump, Esq., assistant superintendent of the railroad company; No. 5, dated September 10, 1888, was addressed to defendants' solicitors; No. 6, dated October 24, 1888, was addressed to the defendants. There was no proof that the originals of these letters were ever received by the persons to whom they were respectively addressed, or that they had ever been mailed to them. They were mere ex parte declarations, and for the most part irrelevant. At the time they were offered, they were not competent evidence for any purpose, and their admission was error.

The third, fourth, fifth, sixth, and seventh assignments allege that the learned judge below erred in his answer to defendants' points. There does not appear to have been an exception to the answer to either of these points. It is so asserted in the paper-book of the plaintiffs. There is no contradiction of this on the part of the defendants, and their paper-book contains no trace of such exceptions. Under such circumstances, we cannot pass upon these assignments.

The eighth and ninth assignments allege error in the charge of the court. The substance of it was that, if the jury find the evidence in regard to putting in the switch sufficient to justify them in treating it as a part of the contract, then it would be their duty to allow the plaintiffs additional time to complete their contract by reason of the delay of the defendants in putting in the said switch. As the case was presented, we cannot say this was error. There is no proper assignment, as before stated, to the sufficiency of the evidence in regard to the switch.

We think there was error in the portion of the charge embraced in the tenth assignment. The learned judge assumed that the switch could have been put in in a day or two, with the consent of the railroad company. The plaintiffs' own testimony shows that, before the switch was to be put in, the lot would require some grading, and there was evidence that such grading was to be done by the plaintiffs. In the face of this testimony, we think it was misleading to say to the jury that the switch could have been put in in a day or two.

> Judgment reversed and a venire facias de novo awarded.