# Kann *v.* Bennett, Appellant.

*Contract—Building contract—Completion of work by owner—Evidence —Declarations.*

1. Where an owner, in a building contract, alleges that the contractor has failed to prosecute the work with due diligence, enters upon the building, completes the work, and sues the contractor for an amount expended in excess of the contract price, the important question which lies at the threshold of the inquiry is whether the defendant had failed to furnish a sufficient number of skilled workmen, and proper materials for the erection of the house, and whether he had prosecuted the work with due diligence.

2. In such a case the plaintiff cannot in support of his contention introduce letters addressed by the architect, the plaintiff's agent under the contract, to the defendant, setting forth an argumentative presentation of plaintiff's contention, there being nothing on the record to show that they were actually received, or that they were ever replied to in any manner by the defendant. Such letters amount to nothing more than declarations by plaintiff in his own behalf; nor can the plaintiff introduce certain schedules attached to the statement of claim, for the purpose of showing a statement of account against the defendant, where the correctness of the items of the schedule are denied by the affidavit of defense. Such schedules amount to nothing more than plaintiff's own assertion of what was due to him.

3. Where an owner takes over from the contractor and finishes a building intended as a residence and his reason for doing so is alleged undue delay on the part of the contractor, where no actual loss is shown by the owner from delay in getting it ready for occupancy, there is no basis for the admission of proof of the rental value of the house as one of the elements of damage suffered by the owner.

*Evidence—Cross-examination—Contents of letter—Extracts from letter.*

4. It is not allowed under cross-examination in the statement of a question to a witness, to represent the contents of a letter, and to ask the witness whether he wrote a letter of such contents, or contents to that effect without having first shown the letter to the witness, and asked him whether he wrote the letter, and then offering the letter in evidence.

*Trial—Charge—More specific instructions.*

5. If counsel at a trial desire that the attention of the jury be more specifically and emphatically directed to particular questions raised by the evidence, than was done by the court in the general charge, he should frame points for charge accordingly, and submit them to the court to be given to the jury.

Argued Oct. 19, 1908. Appeal, No. 3, Oct. T., 1908, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1903, No. 862, on verdict for plaintiff in case of William L. Kann v. William B. Bennett. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit by owner against contractor for failure to complete building contract. Before YOUNG, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the plaintiff offered in evidence a letter signed by his architect.

Mr Bane: We object to the introduction of the letter in evidence for the reason that it is incompetent, irrelevant and immaterial, and for the reason further that it is not evidence of any violation of the contract by Bennett. It is not evidence of any of the averments contained in it, and it is not evidence of any neglect or refusal of Bennett to supply a sufficient number of men and materials, or to otherwise perform his duties under the contract.

Mr. Wendt: We propose to show that the architect gave the contractor notice of his default, and ample timely warning.

Objection overruled. To which ruling of the court counsel for defendant except, and thereupon at their request exception noted and bill sealed. [1]

Exhibit 4 read to the jury.

"Exhibit 4.

"Pittsburg, Pa., July 10, 1901.

"Mr. W. B. Bennett, Contractor,

"5708 Rural Ave., E. E.,

"Pittsburg, Pa.

"Dear Sir: I wish to call your attention by this letter, as I have frequently done personally, to the unsatisfactory and dilatory way in which you are proceeding with the erection of Mr. W. L. Kann's residence on Dithridge St., Pittsburg, Pa. Notwithstanding my constant efforts on you and the subcontractors, to have the work go along, it appears that you pay no attention to the same. It is now five (5) months since the work has been started, and the building is far behind its state of completion, and there remains but three (3) months' time for you to complete and deliver the building.

"I hereby give you notice that on and after this date, you must keep a sufficient number of people on the job in the various branches that are required, both for your own work and for the subcontractors under you, according to the contract and agreement. I shall accept no further excuses for the noncompliance of the same, and if you disregard this notice, I

shall be compelled to use the authority given me under the contract to have the work done.

"Yours truly,

"WM. HENRY SIMS."

Counsel for plaintiff offered in evidence a letter from the architect; this to be followed by evidence that the contractor neglected and refused to supply a sufficiency of properly skilled workmen, and to prosecute the work with diligence after this notice was given, being a letter dated August 26, 1901.

Mr. Bane: We object to the introduction of the letter of date August 26, 1901, marked exhibit 7, for the reason that there is no sufficient evidence on the record to warrant the delivery of such a letter by the witness and architect to Bennett, the defendant; and for the reason that the letter contains statements of which there is no proof on the record, and for the reason that the letter is not substantive evidence of any of the alleged facts contained in it; and generally, as incompetent, irrelevant and immaterial.

The Court: The objection is overruled, but there will be omitted in the reading of the letter any reference of the bond. To which ruling of the court counsel for defendant except, and thereupon at their request, exception noted and bill sealed. [2]

Exhibit 7 read to the jury, omitting the part referring to the bond.

"EXHIBIT 7.

"August 26, 1901.

"Mr. Wm. B. Bennett,

"Contractor, City.

"Dear Sir: I have urged you a number of times to have the work on the W. L. Kann house on Dithridge St., Pittsburg, Pa., pushed along with promptness and diligence as called for in your agreement with Mr. Kann, dated the 28th day of February, 1901.

"The building has been standing unprotected from the weather for several weeks, and for over a week, there has been no work done on the building.

"I have given you several written notices to proceed with the work and to have the building closed in and roof covered

with tar paper, and to have the stone and brick work properly protected from the weather and from other injuries that were liable to happen from neglect, and numerous other matters.

"The whole contract has been carried along in a careless, improper, unskilled and unworkmanlike manner, and in utter disregard of the specifications and of my directions, and you have failed to give a bond as required by the contract.

"This failure is so flagrant that I have no hesitation in certifying further, as I now do, that it is sufficient ground for W. L. Kann to proceed under the terms of the contract, and if all the different work is not started by Friday, the 30th day of August, 1901, I shall give W. L. Kann the necessary notice to employ some other person, or persons, to finish the building and provide the materials therefor, according to the terms of the contract.

"Certified by my hand attached hereto this 26th day of August, 1901.

                              "WM. HENRY SIMS,
                                        "Architect."


Mr. Wendt: In connection with the testimony of W. L. Kann, and W. H. Sims, I offer in evidence the following schedules of exhibit "X," attached to the supplemental statement of claim, being schedules "A," "B" and "C," for the purpose of showing the statement of the account of the plaintiff against the defendant. All those items have been called to the attention of witnesses.

Objected to as incompetent, irrelevant and immaterial for the reason that the items named in the schedules are denied in the affidavit of defense.

The Court: Objection overruled. These schedules are admitted as some aid to the jury in understanding the case, and because they are part of the pleadings in the case. To which ruling defendant's counsel except, and at their request exception is noted and bill sealed. [3]

W. H. Sims was asked this question:

"Q. Mr. Sims, do you know what the rental value of this house of Mr. W. L. Kann was in the years of 1901 and 1902?"

Objected to as incompetent, irrelevant and immaterial.

Objection overruled. To which ruling defendant's counsel except, and at their request exception is noted and bill sealed. [4]

Question read. "A. Well, I would say a house of that character—"

Mr. Bane: We object to the proof. If the witness answers it, he should answer yes or no, and then we desire to object to his competency.

The Court: We will allow you to cross-examine on that subject, if you wish to.

Mr. Bane: "Q. Mr. Sims, are you engaged in the real estate business? A. No, sir. Q. Engaged in buying and selling real estate? A. No, sir, I am not. Q. Are you engaged in renting houses? A. No, sir, I am not. Q. Were you so engaged in 1901 and 1902? A. I was not."

Mr. Wendt: "Q. As an architect, in 1901 and 1902, were you familiar with the rental value of houses in the East End, in the city of Pittsburg? A. Yes, sir, I might say I was. Q. You constantly, as I understand, are planning houses and supervising the construction of them, and you know the cost of them? A. Yes, sir. Q. In various parts of the city? A. Yes, sir. Q. In your work of planning and locating and building houses, do you become familiar with the rental value of houses of this kind? A. Yes, sir, quite often I had occasion to consult with the owners."

Mr. Bane: In addition to our former objection, we object to the testimony of the witness for the reason that the witness has not shown sufficient knowledge to enable him to testify to rental values.

Objection overruled. To which ruling defendant's counsel except, and at their request exception is noted and bill sealed.

"Q. State what, in your judgment, was the fair rental value of the W. L. Kann house as it was to have been constructed under this contract, in the years 1901 and 1902? A. Well, I would consider that house would rent for from $1,500 to $1,800 a year."

The plaintiff's counsel, during his cross-examination of a

witness, William S. Callen, read a portion of a letter in the presence of the jury:

"Q. I show you a letter signed 'Morrison Bros., Allegheny,' dated August 21, 1901. Perhaps that will refresh your recollection."

Objected to as not proper cross-examination.

Objection overruled. To which ruling of the court defendant's counsel except, and at their request exception is noted and bill sealed.

Question read.

Mr. Wendt: "Q. Do you recall the difficulties referred to in that letter? A. I believe I do. Q. Explain to the jury what that was."

Mr. Bane: We renew the objection.

Objection overruled. To which ruling of the court defendant's counsel except, and at their request exception is noted and bill sealed.

"A. I don't know as I can recollect just what this trouble was now that we referred to in this letter. Probably some labor trouble of some kind. Q. Do you remember how long you were delayed by that? A. No, I do not. Q. Can you give us any approximate idea of how many weeks or how much in any way, expressed in any way, you were delayed during that summer by the troubles referred to in that letter? A. I couldn't; I couldn't tell you that. Q. You were obstructed by that trouble? I notice you say in that letter—"

Mr. Bane: I object to his reading that letter; the letter is not in evidence. The plaintiff's counsel being about to read a portion of an alleged letter, to which reference is made, defendant's counsel object to the reading of any portion of the letter, for the reason, first, it is not in evidence, and for the reason that it is incompetent, irrelevant and not proper cross-examination.

Objection overruled. To which ruling of the court defendant's counsel except, and at their request exception is noted and bill sealed. [5]

"Q. Mr. Callen, in this letter you say, 'with reference to completing our work on W. L. Kann house, would say that we

do not see how it is possible for us to proceed as long as the present state of affairs exists, as our men absolutely refuse to work on this job until the trouble is settled.' Is it true your men refused to work on the house out there? A. It probably is; it states so in the letter. I suppose it is true."

The court charged in part as follows:

[But, if you should find that the defendant did neglect or refuse, or failed in the performance of its contract, then you would pass, in the second place, to a consideration of what the plaintiff lost by reason of that, and you would inquire, in the first place, what was the contract price, and in the second place, what extra work was done. And this is a matter of serious consideration, because the plaintiff claims it was a certain sum, and defendant claims it was a certain other sum. Therefore, you would have to determine what sum would be added to this contract price for the purpose of getting a basis on which you would figure; and having determined that, the contract price and the extra work, then you would proceed to deduct from it the omitted work. And you will notice there is a matter of special inquiry there, the plaintiff saying the omitted work was so much, and the defendant saying the omitted work was much less than that; and then you would try to find out, in the way I have described to you, what the omitted work was, and you would deduct that from the total of the contract price and the extra work, and then you would deduct from that such payments as have been made, and you would deduct from it such cost of labor and material as the plaintiff has shown you he has expended money for, and you would add to that such damage for delay,—not necessarily the delay after the plaintiff took possession, but the delay that occurred during the time that the contract was in the defendant's hands, from March 15 to September 8; because you will recollect that the plaintiff had possession of the building and finished the work after September 8; therefore, you would inquire how much delay was added to the time that Mr. Kann, the plaintiff, did not get his house, caused by delay within that period, between March 15 and September 8.] [6]

[Now, all this is if you find that the defendant was guilty of neglect and refusal and failure to perform his contract. That is the measure of damages, as I have given it to you for the plaintiff, and your verdict would be such amount as might be left, or such an amount as these claims of the plaintiff exceeded the amount of money then due or coming to the defendant. Of course, if the amount thus proved was less than the amount remaining due the defendant (and the burden is on the defendant to satisfy you of that by the weight of the evidence) then your verdict would be for the defendant in that sum; but if the amount was greater than the amount coming to him, then your verdict would be for the plaintiff in that excess.] [7]

[Now, after having examined the testimony, if you should find that the defendant did not delay, then you would come to a consideration of the case in a little different way; much similar, in many respects, but slightly different. In that case, you would take first the contract, and to that you would add the extra work as found from the evidence, and from that you would deduct the omitted work, as found from the evidence; and from that you would deduct the payments, just as you did in the other case. And you would then subtract from that amount such sum as the evidence indicates to you it would cost to finish the building, and you will recollect the evidence of the defendant and his witnesses that it would cost so much, and the evidence of the plaintiff and his witnesses that it had cost so much, and the expert evidence as to what it would have cost, and you will examine that evidence carefully, if you find the defendant was not guilty of any default, and of course if you should so find, you would not add any damages for delay; because the plaintiff had no right to take the building from him and furnish the labor and material himself, unless the defendant was in default. Therefore, if you find that the defendant was not in default, you would take the contract and the extra work, which would be your total on one side, and from that you would deduct the omitted work, the payments, the cost of finishing, what it would have cost to finish it by Mr. Bennett, and the amount that remained—if there is such

an amount—would be what your verdict would be; and, of course, if it was greater, then your verdict would be for the plaintiff for the excess.] [8]

Verdict and judgment for plaintiff for $5,523.01. Defendant appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting the bill of exceptions; (6–8) above instructions, quoting them.

*John C. Bane*, with him *J. McF. Carpenter*, for appellant.— The inadmissibility of exhibit 4 and exhibit 7 is shown by the following authorities: Dempsey v. Dobson, 174 Pa. 122; Bush v. Ferry, 7 Phila. 195; Huckestein v. Kelly & Jones Co., 139 Pa. 201.

The schedules are a part of the plaintiff's pleadings; they are a part of his statement of his claim; the items therein are denied in the defendant's affidavit of defense; and they could not be considered by the jury as evidence in favor of the plaintiff to prove facts required to establish the plaintiff's alleged right of action. They are before the court, not as evidence, but to point out the object to which the evidence is to be directed. To admit them in evidence is to allow the assertion to be taken as proof of the thing asserted: Kaiser v. Fendrick, 98 Pa. 528; Corcoran v. Trich, 20 W. N. C. 372; Hultz v. Gibbs, 66 Pa. 360; Scales v. Ry. Co.,.35 S. W. Repr. 205; Green v. Morse, 57 Neb. 391; Lehn v. Lehn, 9 S. & R. 57; Jacoby v. North British & Mercantile Ins. Co., 10 Pa. Superior Ct. 366; Hottle v. Weaver, 206 Pa. 87.

The rental value was inadmissible: Crawford v. Becker, 13 Hun (N. Y.), 375; Pittsburg Coal Co. v. Foster, 59 Pa. 365.

*John S. Wendt*, with him *Johns McCleave*, for appellee.— As the defendant did not raise the specific objection in the court below that the letters were not entitled to admission because not the original it is too late for him to raise it here: Farr v. Swan, 2 Pa. 245; Marsteller v. Marsteller, 93 Pa. 350; Wolverton v. Commonwealth, 7 S. & R. 273; Unger v. Wiggins, 1 Rawle, 331; Lovett v. Mathews, 24 Pa. 330; Messmore v. Morrison, 172 Pa. 300.

The admission in evidence of the schedules did the defendant no harm because the oral testimony, taken in connection with the vouchers identified by the witnesses as representing money expended, showed the expenses to be as shown in the schedules, and the court did not admit the schedules as independent evidence of the facts set forth therein: Frazier v. Funk, 15 S. & R. 26; Com. v. Lebo, 13 S. & R. 175; Kline v. Gundrum, 11 Pa. 242; Tarry v. Drabenstadt, 68 Pa. 400; Shultz v. Seibel, 209 Pa. 27; Hall v. Rupley, 10 Pa. 231; Donahue v. Connor, 93 Pa. 356; Charles v. Bishoff, 1 Atl. Repr. 572; Henry v. Martin, 32 Legal Int. 100; Reynolds v. Caldwell, 51 Pa. 298; Hostetter v. Pittsburg, 107 Pa. 419.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

The defendant in this case entered into a written contract with the plaintiff for the erection of a residence, in accordance with the plans and specifications of an architect, and under the direction and to the satisfaction of the latter. The plaintiff alleged that the defendant failed to prosecute the work with due diligence, and that he was thereby justified under the terms of the contract in taking the work out of defendant's hands and finishing it himself. And that having done so, he was entitled to recover the amount necessarily expended by him in excess of the contract price, in completing the contract. The defendant contended that this action upon the part of the plaintiff was high-handed and entirely without justification; and he denied that the plaintiff had any right to take possession of and finish the building, and claimed that upon a reasonable and just settlement a balance was due him upon the contract.

Upon the trial the verdict of the jury was in favor of the plaintiff. The defendant has appealed, and his assignments of error relate entirely to the admission of certain matters in evidence, and to portions of the charge.

In construing the contract the trial judge held that the burden was on the plaintiff to satisfy the jury by the weight of the evidence, that the defendant had neglected, or refused, or failed to comply with the contract; and with this view coun-

sel for appellant find no fault. They do complain, however, that the trial judge instructed the jury to give the plaintiff the benefit of all sums expended by him in the completion of the house, without considering the necessity for the outlay, and the good faith of the expenditures.

Under the theory upon which the case was tried, the important question which lay at the threshold of the inquiry was whether the defendant had failed to furnish a sufficient number of skilled workmen, and proper materials for the erection of the house, and whether he had prosecuted the work with due diligence. In attempting to establish the contention of the plaintiff in this respect there were offered and, as counsel for defendant claim, erroneously admitted in evidence, two letters from the architect to the defendant, written during the progress of the work, in which complaint was made of the unsatisfactory and dilatory way in which it was alleged the defendant was proceeding. The letters set forth a number of specific grounds of dissatisfaction. Under the contract, the architect was made the agent of the owner, and these letters must therefore be regarded as the letters of the plaintiff, written in his behalf by his agent. They set forth an argumentative presentation of the plaintiff's contention, and there seems to be nothing in the record to show that they were actually received, or were ever replied to in any manner by the defendant. The letters therefore amounted to nothing more than declarations by the plaintiff in his own behalf, and as such they should not have been admitted in evidence: Dempsey v. Dobson, 174 Pa. 122; Huckestein v. Kelly & Jones Co., 139 Pa. 201; Fraley v. Bispham, 10 Pa. 320.

The trial judge also admitted in evidence, against the objection of defendant's counsel, certain schedules attached to the statement of claim, for the purpose of showing the statement of the account of the plaintiff against the defendant. In overruling the objection to their admission, the court below said: "These schedules are admitted as some aid to the jury in understanding the case, and because they are part of the pleadings in the case." The fact that the schedules were part of the pleadings would not render them admissible in evidence

on behalf of the party who filed them. As to him they were merely self-serving declarations which should not be allowed to affect the rights of his adversary. The correctness of the various items of charge set forth in the schedules was denied as a whole by the defendant in his affidavit of defense; and many of them were taken up item by item, and their correctness in the amount stated, denied in whole or in part. So that the schedules amounted to nothing more than plaintiff's own assertion of what was due to him. We think they should have been excluded as evidence.

Nor are we satisfied that there was any sound basis shown for the admission of proof of the rental value of the house as one of the elements of damage to the plaintiff. At the time when the plaintiff took possession of the building and proceeded upon his own account to carry it forward to completion, more than six weeks yet remained of the period within which the house was to have been completed by the defendant. It does not appear but that the defendant, if he had been permitted to do so, might have put on sufficient force to complete the building within the required time; nor was it shown why the plaintiff, after he took possession, did not complete the work within the time limit. In Crawford v. Becker, 13 Hun (N. Y.), 375, it was held that where the owner takes possession of a building and completes it himself, he thereby waives his right to claim from the contractor the damages provided for in the contract for a failure to complete the building by a specified time. In the present case no attempt was made to claim the liquidated damages stipulated for in the contract in case of delay, and it was incumbent upon the plaintiff to furnish proof of his actual loss, if any, in this respect. It is apparent from the contract and the testimony, that the building was intended for a residence, and no loss to the plaintiff was shown from the delay in getting it ready for occupancy as such.

In the fifth assignment of error, complaint is made that the trial judge permitted plaintiff's counsel, against objection on the part of the defendant, to examine the witness Callen upon the contents of a letter which had not been offered in evidence, and permitted him to read an extract from such letter. This

was clearly in violation of a fundamental rule of evidence. "It is not allowed, on cross-examination, in the statement of a question to a witness, to represent the contents of a letter, and to ask the witness whether he wrote a letter to any person with such contents, or contents to the like effect; without having first shown the letter to the witness and having asked him whether he wrote that letter; because, if it were otherwise the cross-examining counsel might put the court in possession of only a part of the contents of a paper, when a knowledge of the whole was essential to a right judgment in the cause. If the witness acknowledges the writing of the letter yet he cannot be questioned as to its contents, but the letter itself must be read:" 1 Greenleaf on Evidence (Lewis' Edition 1896), sec. 88. If counsel for plaintiff desired to show the contents of the letter, and to cross-examine upon it, he should have identified it, and offered it in evidence, and if admitted, introduced it as part of his cross-examination.

The sixth, seventh and eighth assignments of error relate to the portions of the charge referring to the computing of the damages. If counsel for defendant desired more specific instructions in this respect, they should have submitted points. In affirming the plaintiff's ninth point, his right to charge for finishing the house was restricted to the reasonable cost and expense incurred by him in the process. But if counsel for defendant desired that the attention of the jury should be more specifically or emphatically directed to the requirement that in reaching a verdict they must be satisfied from the evidence not only that the expenditures in completing the house were actually made as claimed, but that the outlay was reasonably necessary to complete the building in accordance with the plans and specifications, and that the outlay was made honestly and in good faith, then it was the duty of counsel to frame points for charge accordingly, and submit them to the court to be given to the jury.

The first, second, third, fourth and fifth specifications of error are sustained, and the judgment is reversed, with a venire facias de novo.