## A. Booth & Company, Defendant in Error, v. David R. Steffey, Plaintiff in Error.

### Gen. No. 14,400.

1. MUNICIPAL COURT—*when sufficiency of evidence not subject to review.* If the substitute for a bill of exceptions contained in the transcript contains no finding of fact and does not purport to show all the evidence, the Appellate Court will not consider an assignment of error challenging the sufficiency of the evidence to sustain the judgment.

2. EVIDENCE—*when copy of letter inadmissible.* A copy of a letter by one party to an action addressed to the other party thereto, the original of which was not shown to have been mailed or received, is only an *ex parte* declaration and not admissible in evidence.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed October 25, 1909.

PEASE, SMIETANKA & POLKEY, for plaintiff in error.

EDWARD A. BIGGS and WILLIAM R. FETZER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The document certified by the trial judge to be "a true and correct statement of the facts appearing on the trial of this cause," and "of the questions of law involved in said case and of the decisions upon such questions of law by the court," is neither "a correct statement of the facts appearing upon the trial and of all questions of law involved in said case," nor "a correct stenographic report of the proceedings of the trial," within the meaning of said words as used in the Municipal Court Act. It contains no finding of fact. It only sets forth certain evidence and certain rulings of the court on questions of evidence, and it is

not certified that it contains all of the evidence. We therefore cannot consider the assignment of error that the finding is contrary to the evidence. But we think that the document so certified by the trial judge is sufficient to bring before us for review certain rulings of the court on questions of evidence.

Defendant in error had in Chicago a cold storage warehouse. It sued for and recovered from the plaintiff in error storage charges on a carcass of veal stored in said warehouse from July 19, 1904, to June 16, 1907, and on eighty-four boxes of cheese stored in said warehouse from August 13, 1904, to June 13, 1907. It appears from the evidence set forth in the document signed by the trial judge that plaintiff had in storage for defendant September 27, 1904, 477 boxes of cheese; that on said day defendant gave an order for the delivery of 512 boxes of cheese; that plaintiff on said order delivered only 393 boxes, leaving 84 boxes undelivered; that soon after September 27, 1904, and repeatedly thereafter, defendant demanded said 84 boxes of cheese from plaintiff, and that plaintiff refused to deliver the same on the ground that it had no cheese in storage for the plaintiff; that plaintiff did not deliver to defendant said 84 boxes until June 13, 1907; that said cheese greatly depreciated in value between the time the delivery thereof was demanded in 1904 and the delivery in 1907.

The evidence for the plaintiff tended to show that to the order of defendant to plaintiff to deliver 512 boxes of cheese on September 27, 1904, were pinned two negotiable warehouse receipts, issued by plaintiff to defendant, one, No. 6149, dated August 17, 1904, for 305 boxes of cheese, the other, No. 6150, bearing the same date, for 173 boxes, making a total of 478 boxes; that 108 of the boxes for which receipt No. 6150 was given, and 77 of the boxes for which receipt No. 6149 was given, had been delivered prior to September 27, 1904, and such deliveries endorsed on said receipts, leaving but 393 of the boxes mentioned in said receipts Nos. 6149 and 6150 in storage; that said warehouse

receipts provided, "that warehouse receipts must accompany delivery orders," and that the reason why plaintiff refused to deliver said 84 boxes of cheese remaining in storage after the delivery of said 393 boxes, was that no warehouse receipt for said 84 boxes, or any part thereof, accompanied said order.

The evidence for the defendant further tended to show that said warehouse receipts Nos. 6149 and 6150 were never delivered to the defendant; that no such receipts were ever issued to defendant for the cheese in question, and no such receipts were attached to the order of September 27, 1904, for the delivery of 512 boxes of cheese. The question whether the warehouse receipts 6149 and 6150, put in evidence by the plaintiff, had been delivered by plaintiff to defendant was a controverted and material question on the trial of the case. In rebuttal a witness for the plaintiff was asked by plaintiff's counsel to produce, and did produce, a carbon copy of the following letter:

"Aug. 17, 1904.

MESSRS. STEFFEY BROS.

Gentlemen: We hand you herewith negotiable warehouse receipts Nos. 6149 and 6150, which have been issued to you as per your request over the phone on even date.

"Yours truly,
"COLD STORAGE DEPT.,
E. D. M.                              A. Booth & Co., Mgr."

The defendant objected, and we think it appears from said document that the same was admitted in evidence over such objection, and that the defendant excepted. The only notice to produce was a verbal notice given by plaintiff to defendant at the trial and just before the copy was offered. The witness who produced the copy testified that he did not know whether the original letter was ever mailed to defendant or not; that he had no personal knowledge of the transaction, and there was no evidence tending to show that the original letter was ever received by the defendant, or that it was ever mailed to him.

The copy of a letter by the plaintiff addressed to the defendant, the original of which was not shown to have been mailed to defendant or to have been received by him, was only an *ex parte* declaration of the plaintiff and was not admissible in evidence against the defendant. Huckestein v. Kelly & Jones Co., 139 Pa. S. 201.

For the error indicated the judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*