## Automobile Finance Co., Appellant, *v.* Reese et al.

*Replevin—Pleadings—Counterbond—Valuation of goods by defendant—Estoppel.*

Under the provisions of the Replevin Act of April 19, 1901, P. L. 88, the defendant may file a counterbond "in the same amount as the original bond and with like conditions." The filing of such a counterbond does not mean, however, that the defendant has assented to the valuation fixed by the plaintiff. He merely files the bond in that amount in order to comply with the act and does not do so voluntarily. His assent, in order to bind himself must be his voluntary act, and that assent is given when he has an opportunity to be heard at the trial of the case.

The plaintiff is bound by the value he has set, and; therefore cannot enhance the value at the trial, but the defendant can produce testimony to show a less value, and the ultimate determination of the question is with the jury.

*Trials—Charge of the court—More specific instructions.*

If counsel at a trial desire that the attention of the jury be more specifically directed to particular questions raised by the evidence than was done by the court in the general charge, or if he regards the instructions as inadequate, he should call the attention of the court to such matters at the time of the trial.

Argued October 8, 1919. Appeal, No. 142, Oct. T., 1919, from judgment of C. P. No. 5, Phila. County, June T., 1917, No. 4416, on verdict for plaintiff in the case of Automobile Finance Company v. William O. Reese, Harry Bolen and Charles O. Woertz. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Replevin to recover possession of an automobile. Before MARTIN, P. J.

From the record it appeared that the plaintiff purchased from Gorson's Automobile Exchange an Overland Touring Car Motor No. 10,224, and, on the same day entered into a bailment lease with the defendant, by which the latter acquired possession of the car upon his undertaking to pay rental in the sum of $525.

By the contract the bailee agreed not to dispose of the car, during the continuance of the lease, without the written consent of the lessor, and at the expiration of the lease, return the car to the plaintiff. The defendant paid some installments of the rent, but later defaulted and placed the automobile in the hands of the Keystone Motor Car Company for the purpose of sale. The latter company sold the car to the defendant, Harry Bolen, on June 24, 1917, for the sum of $150. On August 11, 1917, the plaintiff issued a writ of replevin, filing an affidavit that the value of the car was $300, and entering bond for the sum of $600. On August 14, 1917, the defendant, Bolen, filed a counterbond in the sum of $600 and received possession of the car from the sheriff.

At the trial the court instructed the jury that it must find for the plaintiff, but submitted to them for determination the damages to which the plaintiff was entitled.

The plaintiff submitted a point for binding instruction in its favor for the value of the car as indicated by the counterbond filed by Bolen. This point was declined and the plaintiff excepted.

Verdict for plaintiff in the sum of $100 and judgment thereon. Plaintiff appealed.

*Error assigned* was refusal to give binding instructions in favor of the plaintiff for $300 and refusal of plaintiff's motion for judgment non obstante veredicto.

*George J. Edwards, Jr.,* for appellant.—The defendant was estopped from denying the value of the auto-

mobile as fixed by his counterbond: Knowles v. Lord, 4 Whart. 500; Collins v. Bellefonte Central R. R. Co., 171 Pa. 243; Com. v. Lintott, 64 Pa. Superior Ct. 328; May v. Lintner, 67 Pa. Superior Ct. 422.

*Henry Aronson,* with him *Frederick J. Shoyer,* for appellee.—The affidavit filed by the appellant under the Replevin Act was inadmissible to show value: Guinn v. Vitte, 63 Pa. Superior Ct. 611; Pittsburgh's App., 79 Pa. 317; Gibbs v. Bartlett, 2 W. & S. 29.

The value of the article replevied was a matter for the jury.

OPINION BY TREXLER, J., February 28, 1920:

The question involved is, "When a defendant in replevin files a counterbond and retains the property in controversy, is he estopped from proving a value other than that shown by the counterbond?"

The Replevin Act of April 19, 1901, P. L. 88, provides in section 1, that the person applying for the writ shall execute a bond "with security in double the value of the goods sought to be replevied, conditioned that if the plaintiff or plaintiffs fail to maintain their title to such goods or chattels, he or they shall pay to the party thereunto entitled the value of said goods and chattels." The third section provides that the defendant may file a counterbond "in the same amount as the original bond and with like conditions." In section 7, after the title to the goods is finally found to be in the party not in possession, "the jury shall determine the value thereof to the successful party." In section 8, "In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods and chattels, which value shall be the cost to the defendant of replacing them should the issue be decided in his favor."

We held in Com. to use v. Lintott, 64 Pa. Superior Ct. 328, in a suit on a counterbond, that the plaintiff must be bound by his own valuation and cannot compel

the sureties to pay a higher value than that fixed by his bond, and May, Stern & Co. v. Lintner, 67 Pa. Superior Ct. 422, that the plaintiff is bound by his valuation at the trial of the issue; that he cannot repudiate his solemn act attested by his oath.

We are met with a quotation from the above case of May, Stern & Co. v. Lintner, in support of appellant's argument. In that case we said that defendant may refuse to accept the valuation for he has not had the opportunity of being heard in this regard, but if he chooses to accept it, the plaintiff cannot repudiate his solemn act attested by his oath. It is argued that the filing of the counterbond is assenting to the valuation fixed by the plaintiff. We do not think so. The amount of the counterbond, as will be seen by a reference to the portion of section 3 quoted above is, "the same amount as the original bond." The defendant must file the bond in that amount in order to comply with the act. He has no option in the matter. His assent in order to bind him must be his voluntary act, and that assent is given when, as we said above, he has an opportunity to be heard, i. e., at the trial of the case. This view is borne out by a reading of the act. The jury is to determine the value of the goods. The plaintiff is bound by the value he has set, and therefore, cannot enhance the value at the trial, but the defendant can produce testimony to show a less value, and the ultimate determination of the question is with the jury. The value of the goods fixed by the plaintiff, in his affidavit, the act declares, shall be the cost to the defendant of replacing them, but this means from the plaintiff's standpoint, and is not intended to preclude the defendant from showing another value.

An exception is taken to the portion of the charge, relating to the damages. The court instructed the jury to find the value of the automobile, and review the testimony in this regard. If the instructions were inadequate, the attention of the court should have been called to it: Kann v. Bennett, 223 Pa. 36, 49. As the record appears,

the court directed the jury to do what the act requires them to do, to fix the value of the chattel.

The assignments are overruled, and judgment is affirmed.