[No. 35440.    Department One.    December 1, 1960.]

JOHN A. KVAME, *Respondent,* v. A. H. PATRICK *et al.,*
*Appellants.*[1]

*Paine, Lowe, Coffin, Herman & O'Kelly* (*Eldon H. Reiley,*
of counsel), for appellants.

*Grant L. Kimer,* for respondent.

HUNTER, J.—This is an appeal from a decree which canceled a mortgage of the defendant Myers, thereby clearing
it from the title of the plaintiff Kvame. The action was
instituted against Roy Myers and Al Patrick and his wife,
but since the decree directly affected only Myers, he will
be referred to herein as if he were the sole defendant.

The record discloses that the defendant conveyed to Al
Patrick and his wife, by warranty deed dated December 5,
1955 and recorded December 22, 1955, land upon which

[1]Reported in 357 P. (2d) 167.

a hotel known as the Deer Park Hotel was located. For convenience, this property will be referred to hereafter as the hotel. Al Patrick and his wife executed a mortgage to the defendant covering the hotel by an instrument acknowledged December 22, 1955, dated January 1, 1956 and recorded December 22, 1955, to secure an indebtedness of $15,000. Also on December 22, 1955, Al Patrick and his wife executed a contract to convey the hotel to George Wood and his wife in return for a promise to pay $67,500; $15,000 in cash and the remainder in installments. However, George Wood and his wife transferred and Al Patrick accepted deeds to two farms in which the vendee's name was not included, in lieu of the $15,000 down payment. Shortly thereafter, Al Patrick transferred these deeds to the defendant without having filled in the name of the vendee. Sometime prior to March 5, 1956, the defendant returned the deeds to George Wood when the latter claimed the hotel was not profiting according to representations made at the sale.

By March 5, 1956, the plaintiff acquired all the interest of Al Patrick and his wife and George Wood and his wife in the hotel. It was not until May 1956, that the plaintiff became actually aware of the existence of the mortgage. In September 1957, the defendant brought an action against Al Patrick on a $15,000 note and to foreclose the mortgage. Thereupon, the plaintiff instituted this action to cancel the mortgage and clear his title of this encumbrance. By stipulation of the parties, the action to cancel the mortgage was tried before the foreclosure action.

The trial court, sitting without a jury, based its decree upon findings of fact and conclusions of law representing two theories of relief. Briefly, these theories were: The plaintiff was defrauded either by the defendant directly, or through his agent, Al Patrick; or, the mortgage obligation had been discharged. Since the decree can be affirmed on the latter theory, the former will not be considered.

The trial court found that the deeds to the two farms were delivered by Al Patrick and accepted by the defendant in satisfaction of the $15,000 obligation secured by

the mortgage in question, and also to discharge an agreement between these two persons that the defendant would receive fifty per cent of any profit made on the sale of the hotel. From this finding, the trial court concluded that the plaintiff was entitled to a decree canceling the mortgage and clearing it from his title. From this decree, the defendant appeals.

The appellant contends the evidence does not support the trial court's finding that the mortgage obligation had been discharged. We disagree.

In testing the sufficiency of evidence to support a trial court's findings of fact, we are governed by the rule that if substantial evidence exists in the record which, if believed, would support the findings, such findings will not be overturned on review. *Stringfellow v. Stringfellow,* 56 Wn. (2d) 957, 350 P. (2d) 1003, 353 P. (2d) 671 (1960).

Evidence in the record shows that the appellant had originally assigned to Al Patrick his interest in the contract by which he was acquiring the hotel from Earl Mix and his wife, and that this arrangement was changed and the appellant executed a warranty deed to Al Patrick and his wife. The record further shows that in addition to certain property transferred to the appellant, in consideration for the deed to the hotel, Al Patrick also became obligated in the amount of $15,000, and that this was the indebtedness intended by Al Patrick and the appellant to be secured by the mortgage in question. However, evidence in the record shows that Al Patrick transferred and the appellant accepted the deeds to the two farms in satisfaction of this $15,000 obligation. This evidence is sufficient to uphold the trial court's finding that the $15,000 obligation was discharged.

The appellant contends, however, that this mortgage constituted an enforcible encumbrance against the hotel at the time of the commencement of this action because he had returned the deeds to the two farms to Al Patrick. We disagree.

Payment of a mortgage obligation discharges the property from the encumbrance and also the debt. *Easton v. Littooy*

91 Wash. 648, 158 Pac. 531 (1916). What constitutes payment is governed by contract rules. One such rule is that payment need not be of the amount due; it can occur where something else is given to and accepted by the mortgagee in satisfaction of the mortgage obligation. See *Foelkner v. Perkins,* 197 Wash. 462, 85 P. (2d) 1095 (1938). Accordingly, the $15,000 obligation was discharged by Al Patrick transferring and the appellant accepting the deeds to the two farms in exchange. Once the encumbrance and debt has been discharged, the mortgage instrument on record secures nothing. The instrument is only a document embodying a description of the transaction agreed upon, and once the defeasance provision has been triggered by payment, the security transaction is completed. *Easton v. Littooy, supra.* Any other agreement to secure an obligation by the same property must satisfy the statute of frauds. *Fleishbein v. Thorne,* 193 Wash. 65, 74 P. (2d) 880 (1937). Simply stated, this requires a writing intended to describe *this* agreement; an oral agreement that a document describing a different transaction shall hereafter also describe this transaction is not sufficient. Thus, although a new obligation may have been created when the appellant returned the deeds to the two farms to Al Patrick, and although this may have been done under an agreement that the mortgage on record would cause the hotel to be security for this obligation, no encumbrance enforcible against the respondent could have been created thereby. *Fleishbein v. Thorne, supra.* Since the document on record did not represent an encumbrance at the time the respondent instituted this action but yet constituted a cloud on the respondent's title, it was proper for the trial court to enter the order canceling the mortgage of record.

The decree of the trial court is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and FOSTER, JJ., concur.

---

February 24, 1961. Petition for rehearing denied.