[No. 37355.    Department Two.    June 24, 1965.]

CARL F. HENDERSON et al., *Respondents*, v. OSCAR T. JOHNSON et al., *Appellants*, ALVIN M. TOFLEY et al., *Defendants*.\*

*Stuart K. Nielsen*, for appellants.

*George M. Hartung, Jr.* and *Max D. Crittenden* (of *LeSourd & Patten*), for respondents.

PER CURIAM—This is an action in equity for rescission of a contract. Oscar Johnson built a house in West Seattle. He sold it to his son under an oral contract with small monthly payments. The property was later listed for sale.

Following a rainy period in January, 1955, a subsidence or earthslide occurred on the property and exposed a portion of the septic tank drain field, also causing a portion of a rockery to fall.

\*Reported in 403 P.2d 669.

The defendant testified after the slide, "I told him [the son], take the sign off because you can't sell the house in this condition."

The following summer the property went into a multiple listing and in August, 1959, the plaintiffs Henderson saw it advertised in a newspaper and contacted the realtor running the advertisement. Accompanied by Alvin M. Tofley, a real-estate salesman, they went to view the property. Ordinarily, the salesman is a vendor's agent. *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954); *Brink v. Martin*, 50 Wn.2d 256, 310 P.2d 870 (1957).

The property was badly overgrown and there was debris in the yard. The plaintiffs did see tile from the septic tank drain field exposed and part of the rockery was out. Within the hearing of Arnold Johnson, defendants' son, they asked Mr. Tofley about the exposed tile and he replied that they were repairing the septic tank. Mr. Tofley looked up to Arnold Johnson and said, "Is that right?" who replied, "Yes." During another examination of the house, Mr. Tofley was asked what happened to the rockery and he replied, "There was no gutter or downspout and the rain washed that out."

Plaintiffs signed an earnest money agreement and contract to purchase with Oscar Johnson and wife, defendants. After cleaning, painting and repairing the property, plaintiffs sold to Edward F. Sommers and wife. In January of 1961, a more severe slide occurred causing extensive damage and Sommers gave notice of rescission to Hendersons, and Hendersons, in turn, gave notice of rescission to the defendants.

The defendants, on August 1, 1961, removed the house to another lot and sold it. Following removal of the house, Sommers brought action for rescission and Hendersons started action for rescission. In September, 1962, these were consolidated for trial and the experienced trial judge found the defendants had failed to disclose the material fact that the house was in a slide area which rendered the premises dangerous to life, health and property, and re-

mained silent when they had a duty to speak. These facts were unknown to the plaintiffs and, had they been disclosed, plaintiffs would not have purchased the property.

■ Appellants' assignments of error are limited to the court's findings of fact and conclusions of law. The issues being purely factual and, there being ample evidence to sustain the findings and the judgment, it will not be reversed. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Kvame v. Patrick*, 57 Wn.2d 343, 357 P.2d 167 (1960).

Judgment affirmed.

---

September 7, 1965. Petition for rehearing denied.